IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN SCINTO, Derivatively on Behalf of Nominal Defendant GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,<br><br>     Plaintiff,<br><br>  v.<br><br>ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, RICHARD MIAO, JASON RYAN, ELI D. CASDIN, EMILY LEPROUST, KEITH MEISTER, JOSHUA RUCH, RACHEL SHERMAN, NAT TURNER, DENNIS CHARNEY, and MICHAEL PELLINI,<br><br>     Defendants,<br><br>  and<br><br>GENEDX HOLDINGS CORP., formerly SEMA4 HOLDINGS CORP.,<br><br>     Nominal Defendant. | Case No. 2:24-cv-01100-VDO |

**JOINT MOTION TO STAY CASE PENDING
RESOLUTION OF RELATED SECURITIES CLASS ACTION**

Plaintiff Steven Scinto ("Plaintiff") and defendants Eric Schadt, Katherine Stueland, Isaac Ro, Richard Miao, Jason Ryan, Eli D. Casdin, Emily Leproust, Keith Meister, Joshua Ruch, Rachel Sherman, Nat Turner, Dennis Charney, and Michael Pellini (collectively, the "Individual Defendants"), and nominal defendant GeneDx Holdings Corp. ("GeneDx" and, with the Individual Defendants, "Defendants," and with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on June 25, 2024, Plaintiff filed this putative shareholder derivative action

("Action") allegedly brought on behalf of GeneDx that asserts claims and damages against the Individual Defendants based on, among other things, GeneDx's alleged liability in other pending matters including the putative securities class action lawsuit captioned *Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO ("*Helo*") filed in the United States District Court for the District of Connecticut on September 7, 2022 against GeneDx and four of the Individual Defendants, alleging violations of the federal securities laws under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and based on substantially the same facts and circumstances at issue in this Action;

WHEREAS, on August 21, 2023, the defendants in *Helo* filed a motion to dismiss that action, which is subject to the mandatory discovery stay provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") unless and until the complaint in that case survives a motion to dismiss;

WHEREAS, Defendants have requested that the parties stay this action pending the resolution of *Helo* because it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the parties, and will more closely align the proceedings in this Action with the proceedings in *Helo*;

WHEREAS, Plaintiffs maintain (and Defendants dispute) that this action has merit that is independent of, and that is not dependent upon, the ultimate outcome of *Helo*, but nonetheless, while reserving all rights, are willing to agree to a stay pending the resolution of *Helo* in the interests of compromise, resolving the dispute amicably, and efficiency;

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, by their undersigned counsel, subject to approval of the Court, as follows:

1.      Undersigned counsel for Defendants hereby accepts or waives service of the summonses and complaint in the Action on behalf of all Defendants without waiver of any rights or defenses, except as to sufficiency of service.

2.      The Parties agree that a temporary stay of this Action pending resolution of *Helo* is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in this Action with the proceedings in *Helo*.

3.      The parties request that the proceedings in this Action be temporarily stayed until the earlier of (1) final resolution of *Helo*; or (2) an announcement that the parties in *Helo* have reached a settlement. Defendants shall not be required to move, or otherwise respond, to the complaint in the Action during the pendency of the stay.

4.      Within fourteen (14) days of resolution or dismissal of *Helo* with prejudice, the parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in this Action, including dates by which Plaintiff must file an amended complaint (if not already amended pursuant to paragraph 5), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

5.      Notwithstanding the agreed-upon stay of the Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

6. Defendants shall promptly notify Plaintiff of any derivative actions, 220 demands or demands to take action filed or served in any forum involving GeneDx regarding substantially similar or the same allegations as those made in the Action ("Related Derivative Action").

7. Defendants shall notify Plaintiff if any Related Derivative Action is not stayed for the same or longer duration than this stay. If any Related Derivative Action is not stayed for the same or longer duration than this stay, Plaintiff may request that the Court terminate the stay in this Action. Defendants will not oppose any motion to terminate the stay under these circumstances, provided defendants in any Related Derivative Action have been afforded a reasonable opportunity to seek a stay of such Related Derivative Action, and defendants either declined to seek such a stay or were unsuccessful in moving for or stipulating to such a stay. In the event Plaintiff seeks to terminate the stay in this Action, Plaintiff shall provide 14-days notice of such intention to the undersigned counsel for Defendants via email. Within fourteen (14) days after the notice of termination, the parties shall meet and confer and submit to the Court a motion to terminate the stay, accompanied by a proposed schedule for resuming proceedings in this Action (or any application to further extend the stay), including dates by which Plaintiff must file an amended (or consolidated) complaint and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

8. If, during the pendency of the stay, GeneDx provides copies of written discovery or any books and records to a stockholder in response to any Section 220 Demand ("Section 220 Documents") or litigation demand that relates to the subject matter of this Action, GeneDx will also promptly produce copies of such documents to Plaintiff, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein.

4

9. Plaintiff agrees not to share any such Section 220 Documents with plaintiffs in *Helo* or any other action. Absent agreement of the parties (after a good faith attempt to meet and confer) or an order of the Court, Plaintiff further agrees that he will not use any such Section 220 Documents or information derived therefrom in any complaint filed in this Action unless and until the PSLRA stay is lifted in *Helo*. To the extent any amended complaint is based on any information derived from the Section 220 Documents, Plaintiff agrees to file a motion to seal references to such information pursuant to applicable court rules.

10. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle *Helo*, counsel for Defendants shall provide counsel in this Action with reasonable advance notice of said mediation and shall invite Plaintiff to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiff is not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiff at or around the same time. Defendants shall inform Plaintiff upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall provide counsel in this Action with reasonable advance notice of said mediation and invite Plaintiff to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation, as well as any insurers).

**WHEREFORE, the parties respectfully request that the Court enter an Order staying this matter until the earlier of (1) final resolution of *Helo*; or (2) an announcement that the**

**parties in *Helo* have reached a settlement and adopting the parties' related aforementioned agreements.**

|  |  |
|---|---|
| | /s/ *Leslie A. Cahill* |
| Of Counsel: | Joseph W. Martini |
| | Leslie A. Cahill |
| Catherine Kevane, Esq. | **SPEARS MANNING & MARTINI** |
| **FENWICK & WEST LLP** | 2425 Post Road, Suite 203 |
| 555 California Street, Suite 1200 | Southport, CT 06890 |
| San Francisco, CA 94104 | (203) 292-9766 |
| (415) 875-2300 | jmartini@spearsmanning.com |
| ckevane@fenwick.com | lcahill@spearsmanning.com |
| | |
| | *Attorneys for Defendants* |
| | |
| | /s/ *Fletcher Moore* |
| Of Counsel: | Fletcher Moore |
| | **MOORE LAW, PLLC** |
| Lee Squitieri | 30 Wall Street, 8th Floor |
| **SQUITIERI & FEARON, LLP** | New York, New York 10005 |
| 305 Broadway, 7th Floor | Telephone: (212) 709-8245 |
| New York, New York 10007 | Email: fletcher@fmoorelaw.com |
| Telephone: (212) 421-6492 | |
| Email: lee@sfclasslaw.com | *Attorneys for Plaintiff* |

Dated:  July 26, 2024


**IT IS SO ORDERED** this ___ day of _____ 2024.

_____
The Honorable Vernon D. Oliver

## **CERTIFICATION**

I hereby certify that on July 26, 2024, a copy of the foregoing was filed electronically and served via electronic and/or First Class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: */s/ Leslie A. Cahill*

Leslie A. Cahill
Federal Bar No. ct31242
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT 06890
Telephone: (203) 292-9766
Facsimile: (203) 292-9682
Email: lcahill@spearsmanning.com

7